IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO. 95-307 |
| | : | |
| v. | : | |
| | : | |
| KENNETH SYRKETT | : | CIVIL ACTION No. 08-2991 |

## <u>ORDER-MEMORANDUM</u>

**Padova, J.**

 **AND NOW**, this 30th day of July, 2008, upon consideration of Defendant's *pro se* "U.S.C. 2241 to Vacate, Set Aside or Correct Sentence" (Civil Docket No. 1) (the "Motion"), **IT IS HEREBY ORDERED** as follows:

 1. Petitioner is granted *in forma pauperis* status for the sole purpose of the filing of this action.

 2. The Motion is **DISMISSED**.

 3. As Defendant has failed to make a substantial showing of the denial of a constitutional right, there is <u>no</u> basis for the issuance of a certificate of appealability.

 4. The Clerk is directed to **CLOSE** Civil Action No. 08-2991.

 Defendant Syrkett is a federal prisoner serving a 264 month term of imprisonment for possession of cocaine base with the intent to distribute in violation of 28 U.S.C. § 841(a)(1) (Count I) and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count III). Defendant was originally sentenced on December 5, 1995. He appealed his conviction and sentence on January 16, 1996. On November 6, 1996, the United States Court of Appeals for the Third Circuit affirmed Defendant's conviction as to Counts I and III, vacated his judgment and conviction as to Count II (violation of 18 U.S.C. §   924(c)), and remanded for resentencing.  <u>United States v. Syrkett</u>, 103

F.3d 115 (3d Cir. 1996).  On February 10, 1997, we resentenced Defendant as stated above.  On April 3, 1997, Defendant filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, which we denied on July 2, 1997.  Defendant appealed the denial of his § 2255 Motion on July 24, 1997. The Third Circuit denied Defendant's request for a certificate of appealability on October 17, 1997.  Defendant later filed at least two additional § 2255 Motions, both of which we dismissed, the first for failure to first obtain leave from the Third Circuit to file a second or successive § 2255 motion (see Crim. Docket No. 78),[1] and the second for failure to file the motion on the correct form (see Crim. Docket No. 84).

Defendant has filed the instant Motion pursuant to 28 U.S.C. § 2241.  He has not, however, filed either the required filing fee or an application to proceed *in forma pauperis*.  We also note that Defendant filed a § 2241 Motion asserting nearly identical claims in the United States District Court for the Middle District of Pennsylvania in 2005.  See Syrkett v. United States, Civ. A. No. 4:CV-05-1761, 2005 U.S. Dist. LEXIS 35917 (M.D. Pa. Aug. 31, 2005).  That Motion was dismissed without prejudice for lack of jurisdiction.  Id.

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  See Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts (allowing the district court to apply the Habeas Rules to a habeas petition filed pursuant to § 2241).  Rule 4 provides that: "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to

---

[1] The Third Circuit subsequently denied Defendant's request for leave to file a second or successive petition pursuant to 28 U.S.C. § 2244(b).  United States v. Syrkett, C.A. No. 98-2124 (3d Cir. Jan. 27, 1999) (order).

notify the petitioner." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

Section 2241 is the appropriate means for challenging the execution, rather than the validity, of the Defendant's sentence. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) (stating that "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence"). Defendant maintains that this petition challenges only the manner of execution of his federal sentence. However, his claims pertain solely to the Constitutionality of his sentence. In Issue 1, Defendant argues that:

> The District Court did not have jurisdiction to tried [sic], or sentence me on the evidence because the evidence is fruit of a poisonous tree. The Honorable Judge John R. Padova misapplend [sic] or misapply [sic] the law in his Fact finding hearing making it unreasonable. He should have suppress [sic] the evidence because the stop was illegal, the arrest was illegal and the search was illegal, and Inventory search was illegal.

(Mot. at 2.) Issue 2 also attacks the constitutionality of the search and states that "[t]he District Court did not have jurisdict [sic] to tried [sic] or sentence me on the evidence because the evidence is fruit of a poisonous tree." (Mot. at 3.) Issue 3 asserts that the execution of Defendant's sentence violates the Fifth Amendment because the United States violated Defendant's plea agreement by turning him over to the Commonwealth of Pennsylvania. (Mot. at 3.) We find that Defendant's claims challenge the validity of his conviction and sentence rather than the means of execution of his sentence.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted). Section 2255 "must

be used to raise a challenge to the validity of a conviction or sentence unless that section is 'inadequate or ineffective.'" <u>Id.</u> (quoting <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997)).  Such a situation may occur where the petitioner is "in the 'unusual position' of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application."  <u>Id.</u> (quoting <u>Dorsainvil</u>, 119 F.3d at 251).  A § 2255 petition would also be inadequate if "the petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  <u>Id.</u> (citing <u>Cradle v. United States</u>, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)).  A § 2255 petition is not "'inadequate or ineffective so as to enable a . . . petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.'"  <u>Id.</u> (quoting <u>Dorsainvil</u>, 119 F.3d at 251).

Defendant asserts that a § 2255 petition would be inadequate or ineffective in this case because his claims pertain to the manner of execution of his federal sentence which may be addressed only under § 2241.  We disagree.  Defendant's claims pertain solely to the validity of his conviction and sentence.  Consequently, we find that Defendant has not shown that a § 2255 petition would be inadequate or ineffective in this case.  We conclude, accordingly, that we lack jurisdiction over Defendant's Motion because he had no grounds to file a motion pursuant to § 2241 rather than § 2255.  <u>See</u> <u>McCoy v. Miner</u>, 245 Fed. Appx. 194, 195-96 (3d Cir. 2008).

BY THE COURT:


/s/ John R. Padova
_____

John R. Padova, J.

4